IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JACQUE ARMAND WILSON, 665958, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:13-CV-2050-M |
| | ) | |
| WILLIAM STEPHENS, Director, Texas | ) | |
| Dept. Of Criminal Justice, Correctional | ) | |
| Institutions Division, | ) | |
|     Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), implemented by an Order of the Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**Type of Case**

This is a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. Petitioner is a state prisoner, currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"). Respondent is William Stephens, Director of the TDCJ-CID.

**Statement of the Case**

Petitioner was convicted of capital murder and was sentenced to life in prison. *State of Texas v. Jacque Armand Wilson*, No. F93-02764-NJ (Crim. Dist. Ct. No. 3, Dallas County, Tex. Apr. 20, 1994). On April 28, 1995, the Texas Fifth District Court of Appeals affirmed

Petitioner's conviction and sentence. *Wilson v. State*, No. 05-94-00748-CR (Tex. App. – Dallas 1995, pet. granted). On October 18, 1995, the Court of Criminal Appeals granted Petitioner's petition for discretionary review, vacated the appellate court's decision and remanded the case. *Wilson v. State*, No. PD-0820-95 (Tex. Crim. App. 1995). On remand, the appellate court again affirmed Petitioner's conviction and sentence. *Wilson v. State*, No. 05-94-00748-CR (Tex. App. – Dallas 1996, no pet.). Petitioner did not file a petition for discretionary review.

On October 5, 2009, Petitioner filed a state petition for writ of habeas corpus. *Ex parte Wilson*, No. 79,078-01. On March 20, 2013, the Court of Criminal Appeals denied the petition without written order.

On May 31, 2013, Petitioner filed the instant § 2254 petition. He argues:

1. He was denied the right to appeal because of ineffective assistance of counsel;

2. He received ineffective assistance of counsel when counsel failed to object to the lack of a lesser-included offense instruction and failed to quash the indictment, and

3. He was denied the right to due process and equal protection at his juvenile certification hearings.

On August 1, 2013, Respondent filed his answer. Petitioner did not file a reply. The Court now finds the petition is successive.

**Discussion**

Respondent argues the petition is second or successive to a 2006 habeas petition Petitioner filed challenging a disciplinary case. *See Wilson v. Quarterman*, No. 5:06-CV-232 (E.D. Tex., Texarkana Div.). Under the Antiterrorism and Effective Death Penalty Act of 1996

("AEDPA") a petitioner is not allowed to file a second or successive application for habeas corpus relief without first obtaining an order from the appropriate court of appeals "authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

("AEDPA") a petitioner is not allowed to file a second or successive application for habeas corpus relief without first obtaining an order from the appropriate court of appeals "authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

"A petition is not second or successive merely because it follows an earlier federal application." *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). It is successive when it either presents a challenge to the petitioner's conviction or sentence that could have been raised in an earlier petition, or when it is an "abuse of the writ." *Id*. at 836-37. To determine whether a petition is second or successive, the court analyzes whether the claims a petitioner presents in a second habeas petition occurred before petitioner filed his first habeas petition. *Propes v. Quarterman*, 573 F.3d 225, 229 (5th Cir. 2009).

In 2006, Petitioner filed a § 2254 petition challenging a disciplinary conviction. His state criminal conviction had become final ten years earlier, in 1996. Therefore, at the time Petitioner filed his 2006 habeas petition, he was aware of his current claims challenging his criminal conviction.

The Fifth Circuit has determined that disciplinary proceedings during the course of confinement are not "separate judgment[s]," but are "challenge[s] to the administration of the sentence underlying the conviction." *Id*. at 230. Therefore,

> A petitioner is to bring claims against a judgment and claims that arise from disciplinary matters that occur during incarceration under that judgment in the same proceeding . . . . A challenge to disciplinary actions taken against an inmate while serving under a judgment of conviction, and a challenge to the conviction itself, are different grounds of relief on the same judgment. Those have to be brought together.

*Id*. This rule holds true even where the claims in the second habeas petition were not exhausted at the time the petition filed his first habeas petition. *See, id.* at 230-31 ("It is true [petitioner]

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**          -3-

had not yet exhausted his claims to the conviction in state court at the time he filed his initial petition for habeas relief.  Under *Crone*, he still was required to join his claims."); *Crone*, 324 F.3d at 837 ("[T]he sole fact that the new claims were unexhausted when the earlier federal writ was prosecuted will not excuse their omission.").

In this case, Petitioner was aware of his current claims when he filed his 2006 habeas petition.  This petition is therefore second or successive.  Before Petitioner files his application in this Court, a three-judge panel of the Fifth Circuit must determine whether the petition is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court.  *See* 28 U.S.C. § 2244(b)(3)(A) and (B).

The Fifth Circuit has not issued an order authorizing this Court to consider the successive motion. Petitioner must obtain such an order before another petition for habeas relief under § 2254 is filed.

**RECOMMENDATION:**

For the foregoing reasons, the undersigned Magistrate Judge hereby recommends that the instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be  TRANSFERRED to the United States Court of Appeals for the Fifth Circuit pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

Signed this 26th day of March, 2014.

```
                              [signature]
                              PAUL D. STICKNEY
                              UNITED STATES MAGISTRATE JUDGE
```

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).